IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER LOREN JONES,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4343 |
| | : | |
| **PHILADELPHIA PARKING** | : | |
| **AUTHORITY,** *et al.* | : | |
| Defendants. | : | |

MEMORANDUM

**HODGE, J.**                                                                                       NOVEMBER 28, 2023

*Pro Se* Plaintiff Christopher Loren Jones alleges claims against the Philadelphia Parking Authority ("PPA") and the City of Philadelphia Parking Violations Branch ("Parking Violations Branch") after his car was impounded for failure to pay traffic and parking citations. Jones seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Jones leave to proceed *in forma pauperis*, dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and deny his remaining motions.

**I.    FACTUAL ALLEGATIONS**

Jones alleges in his Complaint that on November 1, 2023, his 2019 Land Rover Range Rover was impounded by PPA. (Compl. at 4, 7.)[1] The automobile was booted and later impounded as a result of three unpaid traffic citations incurred on November 20, 2022, November 26, 2022, and January 18, 2023, and a parking citation issued in May 5, 2023. (*Id*. at 4, 8, 84, 86, 98, 101.) Jones alleges that after receiving each citation, he "rescinded" the citation within 72 hours "per contract law" but that the recissions were ignored by PPA. (*Id*. at 4, 8.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Jones states that he is an "American National with a non-citizen national passport" and that his automobile, which is listed as collateral on a UCC-1 financial statement, is his "private trust property," thus divesting the PPA of any jurisdiction over it. (*Id*. at 4.) The Court understands Jones to be alleging that due to his status as an American National, the rules and regulations governing the ownership and operation of automobiles do not apply to him. (*Id*. at 7 (stating that he is exempted from state law requirements to possess a driver's license, state registration, or automobile insurance).) Jones sent numerous "cease and desist" letters to the PPA, in which he claims that he is not a United States citizen, that the PPA therefore has no "jurisdiction over [him]," and that he "owe[s PPA] nothing." (*Id*. at 4, 21, 51, 59, 90, 107.) PPA "ignored" Jones' request that it cease and desist enforcement of the traffic and parking violations. (*Id*. at 4, 8.)

After receiving repeated notices from PPA and the Parking Violations Branch about the traffic violations, on March 5, 2023, Jones received a "Boot and Tow Eligibility Notice," informing him that his car would be booted and towed if he did not pay the fines and penalties associated with those citations.[2] (*Id*. at 60.) In October 2023, Jones was sent an "Immobilization Warning," which informed him that any vehicles belonging to him were "eligible to be booted under 12-2400 of the Phila. Traffic Code" for failure to pay delinquent traffic citations. (*See* Compl. at 76.) The Warning also stated that Jones could avoid his vehicles being booted if he immediately paid the delinquent violations and outstanding fees. (*Id*. at 76.)

---

[2] The PPA and the Parking Violations Branch are separate entities. The PPA was created by a City of Philadelphia Ordinance in 1950 to "provide adequate parking to residents." *See* https://philapark.org/about-ppa/ (last accessed Nov. 22, 2023). Its responsibilities have expanded over the years to include elements of parking and traffic enforcement, including issuing tickets, booting, and towing vehicles. *See id*. The Parking Violations Branch is a branch of a Department of the City of Philadelphia, the Bureau of Administrative Adjudication. *See* https://www.phila.gov/media/20160323084921/regulations-bureau-of-administrative-adjudication.pdf (last accessed Nov. 22, 2023). The Parking Violations Branch oversees traffic court and handles aspects of enforcement. *Id*.

On November 1, 2023, PPA placed a boot on his Land Rover. (*Id*. at 77.) At the time of placing the boot, PPA notified Jones that he could pay the delinquent fines owed on the traffic citations to avoid impoundment. (*Id*.)

Based on these allegations, Jones alleges violations of his "unalienable rights as an American National" and to his constitutional right to travel. (*Id*. at 4, 7.) He requests "immediate release of [his] automobile or, in the alternative, money damages equaling the purchase price of the automobile." (*Id*. at 5.)[3]

On November 21, 2023, Jones filed an "Amended Complaint," in which he seeks to "expand[] on [his] previous filing . . . with additional allegations" (*See* ECF No. 8 at 1.)[4] In his Amended Complaint, Jones seeks to add claims for "unauthorized use of copyright materials" and "unlawful possession and removal of private automobile." (*Id*.) He alleges that the PPA has "used [his] copyrighted material, specifically [his] trade name, without authorization," which is a "violation of [his] intellectual property rights." (*Id*.) In an attached exhibit, Jones lists all "fees for unauthorized use of copyrighted material (CHRISTOPHER L. JONES)." (*Id*. at 12.) The Court understands Jones' copyright infringement claims to be based on PPA's use of his name

---

[3] Jones attaches to his Complaint 106 pages of exhibits relating to his alleged status as an American National, to his claimed interest in the automobile, and to attempts by PPA and the Parking Violation Branch's attempts to enforce its traffic and parking citations, and Jones' correspondence to PPA. (*See* Compl. at 10-116.)

[4] By filing an Amended Complaint, wherein Jones asserts claims and allegations not asserted in his original Complaint, he in effect, abandoned the factual allegations from his original Complaint. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id*. Furthermore, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (per curiam). However, because nothing alleged in the Amended Complaint changes the Court's conclusion that this case must be dismissed, the Court will construe the two pleadings together as one operative Complaint for purposes of this Memorandum.

on the traffic and parking citations. Jones also alleges that "PPA has unlawfully possessed and removed [his] private automobile," which he contends "constitutes infringement of [his] property rights." (*Id*. at 1.)

## II.     STANDARD OF REVIEW

The Court will grant Jones leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Jones is proceeding pro se, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

The Court understands Jones to assert constitutional claims in relation to the impoundment of his vehicle. Jones also asserts copyright infringement claims. As set forth

below, Jones' fails to state a plausible claim.

### A. Constitutional Claims

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### 1. Section 1983 Claims Against PPA

Jones alleges that his right to travel was violated after his automobile was impounded. The United States Supreme Court has explained that the right to travel "protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Saenz v. Roe*, 526 U.S. 489, 500 (1999). However, the existence of "a constitutional right to travel . . . does not restrict the State from regulating the use of its roads as a matter of its police powers." *Knox v. Pcobasco*, No. 86-2367, 1986 WL 6310, at *1 (E.D. Pa. June 4, 1986) (citing *United States v. Guest*, 383 U.S. 745, 759 n.17 (1966)); *see also Carroll v. City of Philadelphia*, No. 87-0592, 1989 WL 114721, at *4 (E.D. Pa. Sept. 29, 1989), *aff'd*, 908 F.2d 961 (3d Cir. 1990) ("It is well established that the police powers constitutionally permit regulation of vehicles traveling the public roadways.").

The imposition of monetary fines and the impoundment of an automobile for violations of parking or traffic laws does not rise to the level of a violation of the right to travel. *See e.g., El v. New Jersey*, No. 13-1431, 2013 WL 1163495, at *2 (D.N.J. Mar. 19, 2013) (dismissal on

screening of 1983 claim for violation of right to travel where claim was based on being ticketed for driving with a suspended license); *Murphy v. Koster*, No. 10-2095, 2010 WL 5147215, at *5 (N.D. Ohio Dec. 13, 2010) (rejecting claim that plaintiff's right to travel was violated by defendants "continually issuing traffic citations" and impounding his vehicle); *Cholerton v. Brown*, No. 13-8992, 2014 WL 3818049, at *4 (C.D. Cal. May 16, 2014), *report and recommendation adopted*, No. 13-8992, 2014 WL 3828209 (C.D. Cal. Aug. 1, 2014) ("Plaintiff's fundamental right to travel is not implicated by impoundment of his vehicle and/or state requirements that he register the vehicle."); *McCain v. Stockton Police Dept.*, No. 10-3170, 2011 WL 4710696, *5 (E.D. Cal. 2011) ("To the extent plaintiff contends that her fundamental right to interstate travel is violated by impoundment of her Vehicle or state requirements that she register the Vehicle and possess a valid driver's license, that claim fails as a matter of law."), *aff'd*, 695 F. App'x 314 (9th Cir. 2017); *McDonald v. Kirkpatrick*, No. 07-396, 2008 WL 552850, at *2, n.1 (W.D. Wash. Feb. 27, 2008) (concluding that plaintiff failed to state a valid § 1983 claim because he failed to show that his right to travel was violated when he was arrested and his car was impounded).[5]

In any event, Jones cannot base his claims on the contention that his American National status permits him to violate traffic and parking laws. *See Sorrells v. Philadelphia Police Dep't*, 652 F. App'x 81, 83 (3d Cir. 2016) (affirming dismissal of claim as frivolous against the PPA and stating that the plaintiff's "asserted legal basis for the contention that the [PPA] seized his

---

[5] To the extent that Jones also intends to assert a Fourth Amendment claim for the alleged impoundment of his vehicle, such a claim is also meritless. *See Jones*, 2013 WL 12156078, at *1 (concluding that "booting a car does not constitute a Fourth Amendment seizure, and the PPA could impound Mr. Jones' vehicle without a warrant even if booting did constitute a seizure"); *Tate v. D.C.*, 627 F.3d 904, 911 (D.C. Cir. 2010) (rejecting argument that the booting and towing of a vehicle constituted an unreasonable seizure in violation of the Fourth Amendment where the District had authority to seize without a warrant and pursuant to traffic laws).

vehicle illegally is that the relevant vehicle-registration-plate law did not apply to him because of his purported status as a 'Moorish American National'" was "indisputably meritless"); *El v. Cook*, No. 17-662, 2018 WL 503252, at *3 (D. Del. Jan. 22, 2018) (rejecting meritless argument "that it was improper to tow his vehicle despite Plaintiff's failure to produce a valid driver's license, vehicle registration, and proof insurance" in light of Moorish-American status); *see also Ibrahim v. Att'y Gen.*, No. 21-1128, 2021 WL 3012660, at *2 (3d Cir. July 16, 2021) (describing argument based on Moorish heritage as "frivolous"); *Smith ex rel. Bey v. Kelly*, No. 12 -2319, 2012 WL 1898944, at *3 (E.D.N.Y. May 24, 2012) ("The instant Complaint is clearly frivolous given Plaintiff's claim that he is not subject to the jurisdiction of the New York state court because he is a Moorish American."). Accordingly, Jones' § 1983 claims will be dismissed.

> 2. *Section 1983 Claims against City of Philadelphia Parking Violations Branch*

Jones names the Parking Violations Branch as a Defendant and includes certain notices of violation from the Parking Violations Branch as exhibits. Although the specific nature of Jones' claims against the Parking Violations Branch is not clear from Jones's allegations, agencies of the City of Philadelphia, such as the Parking Violations Branch, do not have a separate legal existence from the City of Philadelphia. *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Jones v. Philadelphia Parking Auth.,* No. 11-4699, 2013 WL 12156078, at *1 (E.D. Pa. Mar. 27, 2013) (noting that the plaintiff may not name the City of Philadelphia Parking Violations Branch as a defendant because they are "'ancillary municipal defendants'" which

7

"'are not legal entities separate and apart from the City of Philadelphia.'" (quoting *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005))).

To the extent that Jones intended to raise § 1983 claims against the City of Philadelphia, those claims fail because nothing in the Complaint alleges that the conduct of which Jones complains resulted from a Philadelphia policy or custom. *See Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation); *see also Sorrells*, 652 F. App'x at 83 (affirming dismissal of claims based on confiscation of automobile by PPA and noting that "even construing [the plaintiff's] complaint as against the City of Philadelphia, Sorrells did not plead that any municipal policy, custom, or practice led to the purported constitutional violations at issue, as a viable municipal liability claim requires."). In any event, because Jones has not stated an underlying constitutional violation, there is no basis for a *Monell* claim against the City of Philadelphia on these facts. *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim.") (citing *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (if a municipal employee "inflicted no constitutional injury . . ., it is inconceivable that [the municipality] could be liable")).

### B.     Copyright Infringement Claims

Jones alleges that PPA "used [his] copyrighted material, specifically [his] trade name, without authorization." (ECF No. 8 at 1.)  Attached to Jones' Complaint are various parking and traffic violation notices from PPA and the Violations Branch, on which Jones' circles his name – "Christopher Jones" – and types next to his circled name, "Copyright violation!"  (*See* Compl. at 31, 60, 83, 96, 105, 109, 111-114, 116.)  He also attaches documents entitled "Common Law

Copyright Notice," where he advises the PPA that his name and signature are copyrighted and that PPA is in breach of copyright. (*Id*. at 28-30, 36-38, 50, 57-58, 64-66.)

To state a claim for copyright infringement under federal law, a plaintiff must allege: "(1) ownership of a valid copyright; and (2) unauthorized copies of original elements of the plaintiff's work." *Dun & Bradstreet Software Servs. v. Grace Consulting, Inc*., 307 F.3d 197, 206 (3d Cir. 2002).[6] Jones includes no facts and attaches no exhibits that would support an inference that he owns a valid copyright. Nor could he because an individual's name or signature is not an "original work of authorship" subject to copyright. *See generally* 17 U.S.C. § 102 (setting forth statutory criteria for subject matter that may be copyrighted); *see also* 37 C.F.R. § 202.1(a) (listing examples of "works not subject to copyright" as "words and short phrases such as names, titles, and slogans"); *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1004 (9th Cir. 2001) ("A person's name or likeness is not a work of authorship within the meaning of 17 U.S.C. § 102."); *Peters v. West*, 692 F.3d 629, 636 (7th Cir. 2012) (affirming dismissal of copyright infringement claim and stating that "the name alone cannot constitute protectable expression"). Accordingly, Jones' copyright claims will be dismissed.

C. **Request to Assign a Republican Judge**

Jones also requests that the Court reassign his case from the undersigned, who he alleges is a "Democratic Judge" to a "Republican Judge." (ECF No. 5.) The Court understands the

---

[6] To the extent that Jones intended to assert common law copyright infringement claims, those are also not plausible. The Copyright Act preempts state common law or statutory claims that fall within the subject matter of copyright and that create rights equivalent to any of the exclusive rights created by copyright law. *See* 17 U.S.C. § 301(a) ("[A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . and come within the subject matter of copyright . . . are governed exclusively by [the Copyright Act] . . . . [N]o person is entitled to any such right or equivalent right . . . under the common law or statutes of any State."); *see also Orson, Inc. v. Miramax Film Corp*., 189 F.3d 377, 382 (3d Cir. 1999).

request as a motion for the undersigned to disqualify herself from presiding over this case. A federal judge must disqualify herself in any proceeding in which her "impartiality might reasonably be questioned" or "where [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a)-(b). The standard is an objective one, requiring recusal when "a reasonable [person] knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987) (citing *United States v. Dalfonso*, 707 F.2d 757, 760 (3d Cir. 1983)). Jones has not shown any hint of judicial impartiality or bias. Instead, he requests recusal on the basis of presumed political party associations. However, association with a political party, by itself, is not a basis for judicial disqualification. *See Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638 (10th Cir. 2003) ("It is, of course, an inescapable part of our system of government that judges are drawn primarily from lawyers who have participated in public and political affairs . . . The fact of past political activity alone will rarely require recusal, and we conclude it does not do so here." (citation omitted)); *Straw v. United States*, 4 F.4th 1358, 1362 (Fed. Cir. 2021) ("There is no support whatsoever for the contention that a judge can be disqualified based simply on the identity of the President who appointed him."); *Klayman v. Lim*, 830 F. Appx 660, 663-64 (D.C. Cir. 2020) (*per curiam*) (affirming denial of recusal motion where it was based on prior political activity of judge). Accordingly, Jones' request for a republican judge will be denied.

### D. Request for Injunction

Finally, Jones requests that the Court issue an injunction to "halt the unlawful activities by the [PPA] with regards to the repossession of [his] automobile." (ECF No. 6.) A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in

his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). As set forth in this Memorandum, there is no likelihood that Jones will succeed on the merits of his claims. Accordingly, his request for an injunction will also be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Jones leave to proceed *in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Jones' requests for a republican judge and an injunction will also be denied.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**
_____
**KELLEY BRISBON HODGE, J.**